UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SALLY W.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. C22-5896-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erroneously found migraines and irritable bowel syndrome ("IBS") are not severe impairments at step two and improperly discounted her testimony about these conditions.[1] Dkt. 10 at 1. For the reason below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is currently 45 years old, has a high school diploma and an associate degree, and has worked as a casino game auditor, receptionist, and medical assistant. Tr. 72-73, 125-27. In

---

[1] Because the ALJ's step-two findings contain his assessment of Plaintiff's allegations related to migraines and IBS, Tr. 20, Plaintiff's two assignments of error are intertwined and are addressed together in this Order, *infra*.

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

1  July 2016, she applied for benefits, alleging disability as of January 1, 2014.  Tr. 415-28.  Her
2  applications were denied initially and on reconsideration.  Tr. 234-40, 243-48.  The ALJ
3  conducted hearings in April and August 2018, Tr. 44-119, and subsequently issued a decision
4  finding Plaintiff not disabled.  Tr. 211-21.
5  　　The Appeals Council granted Plaintiff's request for review, reversing the ALJ's decision
6  and remanding for further administrative proceedings.  Tr. 230-32.  On remand, the ALJ held a
7  hearing on September 16, 2021, Tr. 120-57, and issued a decision on September 21, 2021,
8  finding Plaintiff not disabled.  Tr. 16-33.  The Appeals Council denied review making the ALJ's
9  2021 decision the Commissioner's final decision.  Tr. 1-7.

## DISCUSSION

11  　　At step two, a claimant must make a threshold showing that her medically determinable
12  impairments significantly limit her ability to perform basic work activities.  *See Bowen v.*
13  *Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c).  "Basic work
14  activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§
15  404.1522(b), 416.922(b).  "An impairment or combination of impairments can be found 'not
16  severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal
17  effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)
18  (quoting Social Security Ruling (SSR) 85-28).
19  　　The ALJ' decision indicates migraines and IBS are medically determinable conditions.
20  Plaintiff argues the ALJ erroneously found at step two IBS and chronic migraine headaches are
21  not severe impairments because: (1) the evidence does not indicate Plaintiff experienced
22  headaches at a frequency or severity that affected her ability to perform basic work activities,
23  given that she had been able to work in the past despite these headaches and the headaches

ORDER REVERSING THE COMMISSIONER'S DECISION - 2

1  improved with treatment; and (2) the evidence does not corroborate Plaintiff's testimony her IBS
2  can require bathroom breaks ten times per day for up to 30 minutes at a time, because the record
3  indicates Plaintiff received minimal treatment for this condition during the adjudicated period.
4  Tr. 20.  The ALJ also noted when Plaintiff at the 2021 administrative hearing did not mention
5  migraines headaches as a disabling condition.  Tr. 20 (citing Tr. 135-37).  Based on these
6  findings, the ALJ rejected Plaintiff's testimony and found migraines and IBS are not severe at
7  step-two.  *Id*.

8  Plaintiff contends the ALJ erred in assessing her testimony about her migraine headaches
9  and IBS-symptoms and the evidence of record and erred at step two. Plaintiff submits this error
10 is harmful because the ALJ thereafter stripped the impact of these conditions in determining RFC
11 and in making findings at step four and step five.

12 **A.      Migraine Headaches**

13 Plaintiff argues the ALJ erred in finding her migraines were not severe because she
14 reported she had experienced daily headaches since she was a teenager and told providers they
15 had worsened after a trip to Mexico in 2002, Tr. 1167, and a car accident in 2014.  Tr. 1217.
16 Plaintiff emphasizes she sought treatment for migraines multiple times, and points to treatment
17 notes where she complained of migraines. *See* Dkt. 10 at 6-7 (citing Tr. 857, 1128, 1134-38,
18 1151-54, 1167, 1185, 1214-19, 1246-47, 1599). At step two, the ALJ discounted Plaintiff's
19 testimony and found migraines were not severe on the grounds the evidence does not show a
20 level of frequency and severity that would affect Plaintiff's ability to work, and Plaintiff's
21 headaches responded to medications. Tr. 20.

22 Substantial evidence does not support the ALJ's determination. The record shows
23 Plaintiff has long suffered from migraine headaches, that she has received different medications

that at times appeared to help and then began to lose efficacy. The record belies the ALJ's conclusion that Plaintiff's migraines are so infrequent and so lacking in intensity that they would not affect Plaintiff's ability to work.

The ALJ also discounted migraines and Plaintiff's testimony about the condition because she did not testify about headaches at the 2021 hearing. Tr. 20. This is not a clear and convincing reason to reject Plaintiff's testimony. Plaintiff did not testify she did not suffer from headaches. Thus, she did not give testimony that contradicts her claims about the existence or severity of her migraine headaches. She was also never asked about her headaches. Thus, while the record shows her migraine headaches were not discussed, there is nothing that clearly and convincingly supports the ALJ's inference that this omission is evidence contradicting Plaintiff's claims about migraine headaches.

The Court accordingly finds the ALJ erred at step two by both failing to find migraine headaches are severe and discounting Plaintiff's testimony in support of the severity of the migraine headaches.

**B.     IBS**

The ALJ acknowledged, Plaintiff's IBS is generally controlled via diet, but sometimes flares to require her to make 10 trips to the bathroom per day for up to 30 minutes at a time. Tr. 20. The ALJ found this allegation was unsupported by the record, which showed Plaintiff's symptoms improved with minimal treatment and that she declined certain medications because her symptoms were "not that bad." *Id*. (citing Tr. 799, 1074, 1076-77). The ALJ also noted Plaintiff testified at the 2021 hearing that she does not take any medication for her IBS. *See* Tr. 135-37.

ORDER REVERSING THE COMMISSIONER'S DECISION - 4

Plaintiff argues the ALJ erred in finding her "relative lack of treatment and medications" undermined her allegations of disabling IBS limitations because the ALJ failed "to take into consideration the limited treatment options available" after her IBS was diagnosed. Dkt. 10 at 10. But the ALJ cited evidence Plaintiff was offered treatment that she declined, which undercuts Plaintiff's suggestion no further treatment was available, and Plaintiff told her provider her symptoms were "not that bad" to explain why she declined that treatment. *See* Tr. 1074. Plaintiff has not shown the ALJ erred in finding this evidence is inconsistent with Plaintiff's allegation of disabling limitations caused by IBS. *See, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ permissibly inferred that the claimant's pain was not as disabling as alleged "in light of the fact that he did not seek an aggressive treatment program and did not seek an alternative or more-tailored treatment program after he stopped taking an effective medication due to mild side effects").

Plaintiff also argues the ALJ erred in referencing a negative abdominal ultrasound, because IBS is not diagnosed via ultrasound. Dkt. 10 at 10-11. This argument misinterprets the ALJ's finding, because the ALJ did not suggest the negative abdominal ultrasound negated the IBS diagnosis. *See* Tr. 20. Plaintiff has not shown the ALJ erred in noting her abdominal ultrasound was negative, when summarizing the evidence related to Plaintiff's IBS.

Plaintiff further contends her limited IBS treatment does not undermine her allegations because there "would be little need for Plaintiff to be seen for her symptoms unless there was a significant exacerbation," given IBS has been a chronic condition for Plaintiff. Dkt. 10 at 11. This argument may be one way to interpret the evidence, but Plaintiff has not shown the ALJ was unreasonable in finding Plaintiff's limited IBS treatment, particularly her refusal to try certain medications, was inconsistent with her allegations of disabling IBS limitations. *See*

*Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

The Court accordingly concludes Plaintiff has failed to establish the ALJ erred in assessing Plaintiff's IBS at step two or in assessing her allegations of disabling limitations caused by that condition.

## CONCLUSION

For the foregoing reasons, the Court concludes the ALJ harmfully erred. Plaintiff contends the records is complete and the case should be remanded for an award of benefits. The record is not complete. The ALJ, not the Court, must still assess the impact of migraine headaches on Plaintiff's disability claims. The weighing of this evidence is something reserved to the Commissioner, and something a reviewing Court cannot perform on appeal. Accordingly, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall consider migraine headaches a severe impairment at step two. The ALJ shall reassess the impact migraine headaches have on Plaintiff's ability to work. Although the Court has not disturbed the ALJ's step-two finding regarding IBS, the record indicates IBS is a medically determinable condition and thus the ALJ should give due consideration of the impact this determinable condition on Plaintiff's ability to perform work activity.

/

/

/

The ALJ shall reassess Plaintiff's testimony as to migraine headaches and develop the record and redetermine RFC as needed. The ALJ shall also proceed to steps four and five as appropriate.

DATED this 20th day of June, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge